| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | Case No. 4:22-cr-35 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ALEXANDER LEE BLANTON | ) | |

## MEMORANDUM & ORDER

Before the Court is Defendant Alexander Lee Blanton's motion to sever pursuant to Fed. R. Crim. P. 14.  (Doc. 621.)  The United States has responded. (Doc. 622.)  Defendant seeks to sever his trial from that of his co-defendant John Thierry Smith, arguing that trying them together would be prejudicial and preclude him from receiving a fair trial.  For the following reasons, the Court will **DENY** Defendant's motion to sever (Doc. 621).

## I.     BACKGROUND

On November 22, 2022, a grand jury returned an eleven-count indictment against fourteen individuals. Count One alleges that they,

> did combine, conspire, confederate and agree to knowingly and intentionally distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846."

(Doc. 1 at 1–2.)  Blanton and Smith, the only two remaining Defendants in this case, are both named in this count.  (*Id.*)  Neither Defendant is named in the remaining ten counts.  (*See id.*)

## II.     STANDARD OF REVIEW

Rule 8(b) of the Federal Rules of Criminal Procedure allows joinder of defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  "There is a preference in

the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This is true "especially in conspiracy cases." *United States v. Pickett*, 746 F.2d 1129, 1134 (6th Cir. 1984) (quoting *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984).

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In other words, "Rule 14 authorizes a severance where it appears that a defendant might be prejudiced by a joint trial." *Bruton v. United States*, 391 U.S. 123, 131 (1968). But severance is an "extraordinary remedy." *Powell v. United States*, No. 20-1782, 2021 U.S. App. LEXIS 112, at *5 (6th Cir. Jan. 4, 2021). "The test as to a severance of trial under Rule 14 [] is the likelihood of substantial prejudice to one defendant or the defendants if they are tried together." *United States v. Grindstaff*, 479 F. Supp. 599, 601 (E.D. Tenn. 1978) (citing *Schaffer v. United States*, 362 U.S. 511, 514 (1960)). Prejudice is "substantial" only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

## III.   **DISCUSSION**

Defendant makes two arguments. He argues that the jury "will be unable to compartmentalize the evidence as it relates to Mr. Blanton" and that "failure to sever will lead to a violation of Mr. Blanton's Sixth-Amendment Rights." (Doc. 621 at 2–3 (capitalization altered).) The Court will address each argument in turn.

2

First, Defendant's argument as to compartmentalization of evidence is an argument about his guilt or innocence, not about the procedural fairness of being tried alongside Defendant Smith. Defendant argues that "Mr. Blanton was unaware of Mr. Smith's criminal intent to establish a drug conspiracy ring" and that "any connection Mr. Blanton had with Mr. Smith was brief at best." (Doc. 621 at 2.) Defendant argues that the bulk of the Government's case against Mr. Blanton is that he provided Mr. Smith with the name and phone number of another individual. (*Id.*) Because of this, "[t]he spillover effect of the evidence against Mr. Smith as the alleged mastermind of the conspiracy will be highly and unfairly prejudicial to Mr. Blanton." (*Id.* at 3.)

But "'spillover of evidence' from one case to another 'generally does not require severance,' unless Defendant can point to specific 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. Fields,* 763 F.3d 443, 457 (6th Cir. 2014) (quoting *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002)). "Introduction of evidence inflammatory to one defendant but not directly applicable to a co-defendant fails to establish 'substantial prejudice' as to the co-defendant." *United States v. Frost*, 914 F.2d 756, 764 (6th Cir. 1990) (quoting *United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir. 1989). Courts should grant severances under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Defendant argues that he did not have knowledge of the conspiracy, and therefore, trying him next to his alleged co-conspirator would be unduly prejudicial. However, such an argument applies to virtually every conspiracy charge in which one defendant claims a lack of knowledge about the conspiracy. This argument does not show substantial or undue prejudice beyond any case in which one defendant denies his role in a conspiracy. A jury can make a reliable assessment

3

about his involvement in the conspiracy, and Defendant has not shown any undue or substantial prejudice. Merely having an alleged co-conspirator on trial along with Defendant does not, on its own, meet the high burden on defendants to put forth a strong showing of prejudice. Any prejudice is outweighed by the "judicial and societal interests in trying all of the defendants together." *United States v. Licavoli*, 725 F.2d 1040, 1052 (6th Cir. 1984); *see also id.* at 1051 ("The general rule in conspiracy cases is that persons indicted together should be tried together.").

Second, Defendant argues that trying him alongside Defendant Smith would result in a violation of Defendant's Sixth Amendment rights. Defendant argues that statements by co-defendants, "including recorded conversations between codefendants," may implicate Defendant, and "[a]dmitting these statements while those co-defendants are joined in this case would violat[e] his Sixth Amendment right" to confront witnesses against him. (Doc. 621 at 3.) *See Bruton v. United States*, 391 U.S. 123, 125–37 (1968).

The only co-defendant left in this trial is Defendant Smith. To the extent that the use of recorded conversations with other former co-defendants would violate his Sixth Amendment rights, this is not a problem solved by a severance because those co-defendants are not joined for trial.

And in any event, to the extent that statements by co-defendant Smith may be introduced and he invokes his right to remain silent, Defendant has not identified any specific statements that would bring up Confrontation Clause concerns. The Confrontation Clause is "extremely individualized." *United States v. Taylor*, 640 F. Supp. 3d 757, 763 (E.D. Ky. 2022). It prevents non-testifying co-defendants' statements from being admitted against co-defendants where the statement facially incriminates that co-defendant. *Id.* (citing *United States v. Alkufi*, 636 F. App'x 323, 334 (6th Cir. 2016); *see also id.* (denying motion to sever because "[w]ithout a

4

statement *facially incriminating* a *specific* Defendant, no relief is warranted."). But, in making an argument based on the Confrontation Clause, Defendant must reference something more than mere possibilities of statements or confessions by non-testifying co-defendants being used at trial.

Here, Defendant's request is premature because his motion does not identify any particular statements or confessions that may be used at trial. He merely makes a cursory statement that some statements introduced by co-defendants "may implicate Mr. Blanton." (Doc. 621 at 3.) The declarant, subject-matter, and relevance of these statements are entirely unknown. If Mr. Smith's statements are presented at trial and raise Confrontation Clause concerns, Defendant may object or seek in-camera inspection of the proposed statements at trial. *See United States v. Henley*, No. 08-20384-6, 2010 U.S. Dist. LEXIS 34967, at *11 (E.D. Mich. Apr. 9, 2010) (denying a motion to sever because "[defendant's] speculation about other co-defendants' statements is premature, and does not show sufficient risk of prejudice to justify granting severance" and because "[i]f such statements are presented at trial, Henley will have an opportunity to object, and the Court may order an *in camera* inspection"). Currently, there is no *Bruton* problem that would rise to the level of severe prejudice to require severance.

## IV.     CONCLUSION

The Court **DENIES** Defendant Blanton's motion to sever his trial from Defendant Smith's. (Doc. 621).


   **SO ORDERED.**

   **ENTER:**


        **/s/**_____
        **CURTIS L. COLLIER**
        **UNITED STATES DISTRICT JUDGE**

5